UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00661-MTS |
| ) | |
| GROUNDWORKS CONTRACTING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the Stipulation for Entry of Consent Judgment filed by Plaintiffs.  Plaintiffs filed this action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132.  They sought an order compelling Defendant Groundworks Contracting, Inc. to submit to a payroll audit so that Plaintiffs could calculate and recoup contributions Defendant owed them.  Defendant did not file any response or otherwise appear.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiffs sought an entry of default, and the Clerk of Court entered the default of Defendant.  Doc. [18].  After Plaintiffs completed the audit, they filed a Stipulation for Entry of Consent Judgment.  The Stipulation is signed by Plaintiffs' counsel and contains the signature of an unidentified individual who apparently signed on behalf of Defendant Groundworks Contracting, Inc.  Doc. [24].  Upon review and consideration, the Court cannot enter a judgment on the basis of this filing.

Nowhere does the Stipulation reveal who signed for Defendant Groundworks Contracting, Inc.  It neither gives the identity of the individual nor explains how this

individual has the authority to bind Defendant. In this way, the filing violates Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(a) (providing that every paper "must state the signer's address, e-mail address, and telephone number"). What is more, no attorney has entered an appearance on behalf of Defendant. As a corporation, Defendant may not appear pro se. *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam); *Artice v. Epworth Child. & Fam. Servs.*, 4:20-cv-01759-MTS, 2021 WL 1400950, at *1 (E.D. Mo. Apr. 14, 2021); E.D. Mo. L.R. 12.01(A) (providing that "only attorneys enrolled pursuant to the rules of this Court . . . may file pleadings, appear, or practice in this Court," though not prohibiting an "*individual* from appearing personally on his or her *own* behalf" (emphasis added)); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993). Thus, it is not at all clear to the Court how Defendant could consent to the entry of a judgment without doing so through counsel.

\*     \*     \*

Since Defendant has not properly consented to the entry of judgment, the Court declines to enter judgment in this matter on Plaintiffs' filing. The Court will provide Plaintiffs forty-five (45) days to proceed in this matter via a different avenue. Failure to do so by **Thursday, May 30, 2024**, will result in the dismissal of this action without prejudice.

So **ORDERED** this 15th day of April 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE